**SIGNED.**

Dated: September 24, 2009



_____
**JAMES M. MARLAR
Chief Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| WILLIAM R COPE and RUBY ELIZABETH COPE, | ) No. 4:09-bk-04215-JMM |
| Debtors. | ) **MEMORANDUM DECISION** |

Before the court is an objection to confirmation of the Debtors' Chapter 13 plan (DN 16) filed by JPMorgan Chase Bank, N.A. ("Chase"). Argument on the issues was heard on August 19, 2009. The court now rules.

## **BACKGROUND**

The Debtors filed a Chapter 13 case on March 9, 2009. Their plan was filed on March 27, 2009. In the plan, the Debtors dealt with their two vehicles, upon which Chase holds liens, in the following manner:

| Vehicle | Total Claim | Coll Value/ Secured Claim | Int. Rate | Mo. Pymt (If not pro rata) | 1st/Last Pymt. (Anticipated) | Anticipated Total |
|---|---|---|---|---|---|---|
| 2006 Dodge Durango | $20,000 | $13,500 | 4.25% | Pro-Rata | 5-40 | $14,624.42 |
| 2006 Dodge Dakota | $22,261 | $11,000 | 4.25% | Pro-Rata | 5-40 | $11,916.18 |

The Debtors propose to pay to Chase only the collateral's actual value, not the full amount of the claims, commonly called a "cramdown."

The plan was a 60-month plan, and the Debtors were to pay the Trustee $835 per month.

## CHASE'S OBJECTION

### 1. 910-day Proscription

On May 1, 2009, Chase objected to its treatment under the plan, and opposed confirmation. Its grounds for each vehicle were the same, that each had been purchased within 910 days of the filing date. In that event, 11 U.S.C. § 1325(a) would not allow a "cramdown." Instead, each unit would have to be paid in full.

The 2006 Dodge Durango was acquired from Budget Resale, Inc. on February 3, 2007. That contract was later assigned to Chase. That vehicle was therefore acquired <u>within</u> the 910 days preceding bankruptcy.

The 2006 Dodge Dakota Quad Cat truck was acquired by the Debtors from Budget Resale, Inc. on October 14, 2006. Chase now owns the commercial paper evidencing the debt and security agreement. It also falls within the 910-day prohibition period.

Thus, neither vehicle may be crammed down. Chase's objection to the plan will be SUSTAINED on that ground.

### 2. What is the secured value to be paid 100%?

#### A. Dodge Durango

The parties disagree as to what amount should be paid in full.

As to the 2006 Dodge Durango, Chase claims it is owed $30,286.65. However, at the hearing, the parties appeared to have settled the issue of the balance due, after consideration of the Ninth Circuit BAP's *Penrod* decision, 392 B.R. 835 (9th Cir. BAP 2008).

Therefore, the court assumes that this matter (as to this vehicle) is resolved, and requests only that the parties submit an order that confirms their understanding as to the balance owed, and how it is to be treated under any confirmed plan.

### B. Dodge Dakota Quad Cab truck

More problematic is the Dodge Dakota Quad Cab truck. The Debtors maintain that the balance due is $22,261, while the creditor seeks $22,345.01. This minor difference does not appear to need court determination, as the parties should be able to adjust their small disagreement.

The real issue appears to relate to something else. It is that the Debtors maintain that this vehicle is <u>not</u> used primarily for personal use, and therefore § 1325(a)'s 910-day provision is inapplicable. Thus, the Debtors contend that the vehicle <u>may</u> be "crammed down" to its value.

The court agrees that a further evidentiary hearing is necessary. On this issue, the court will hear evidence on **October 27, 2009, at 10:00 a.m.,** (one-hour allowed) Courtroom 329, U.S. Bankruptcy Court, 38 South Scott Avenue, Tucson, Arizona. If there are any *Penrod* issues associated with the Dodge Dakota, the parties are asked to provide a joint statement as to the exact issues which the court shall be asked to decide.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Ronald Ryan, Attorney for Debtors

Patricia Doyle-Kossick, Attorney for JPMorgan Chase Bank, N.A.

Dianne C. Kerns, Trustee

Office of the U.S. Trustee