**SIGNED.**

Dated: October 29, 2009



_____
**JAMES M. MARLAR
Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| | ) |
| WILLIAM R COPE and RUBY ELIZABETH COPE, | ) No. 4:09-bk-04215-JMM |
| | ) |
| | ) **MEMORANDUM DECISION** |
| Debtors. | ) |

On October 27, 2009, this court heard legal argument, and considered factual evidence on the following issue: "Is a motor vehicle, owned by the Debtors, eligible for 'cramdown' treatment if it was not acquired 'for the personal use of the debtor(s)?'"

This question requires the court and the parties to consider Congress' intent in enacting a portion of BAPCPA Code § 1325. The statute is not entirely clear as written, and thus requires a degree of advocacy from the attorneys, and the application of reasoned jurisprudence by the court.

## **FACTS**

As a starting point, this court adopts the facts set forth in its September 24, 2009 Memorandum Decision. At the recent hearing, Mr. Cope testified on the discrete issue of personal versus business use, and he was cross-examined by JPMorgan Chase Bank's counsel. Based on the developed record, the court sets forth and finds the following additional facts.

1. The Debtor, William Cope, is a Nurse-Manager at Desert Care Rehabilitation, where he has worked for the past 18 years.

| | | |
|---|---|---|
| 1 | 2. | When the Dodge Dakota quad cab truck, which Mr. Cope drives, was purchased on October 14, 2006, it was a used vehicle with existing mileage of 12,700 miles. |
| 4 | 3. | In the course of his duties, Mr. Cope is required to consult other case workers both in and around the Tucson area and in the town of Sierra Vista, Arizona. |
| 7 | 4. | Mr. Cope visits Sierra Vista twice weekly in the course of his job. |
| 8 | 5. | Sierra Vista is approximately 71 miles from Tucson. |
| 9 | 6. | Mr. Cope's daily round trip from home to his Tucson office is 24 miles. |
| 10 | 7. | When Mr. Cope purchased the vehicle, his primary intention was to use it for his work purposes. |

## **DISCUSSION**

The vehicle currently has 70,000 miles on it, in the three years since it was purchased. Since it had 12,700 miles on it when purchased three years ago, Mr. Cope has put 57,300 miles on the vehicle.

Those miles, according to the evidence, break down as follows.

- 24 round-trip miles to Tucson office X 5 days/week X 50 weeks = 6,000 miles per year X 3 years = 18,000 miles in 3 years
- 142 round-trip miles to Sierra Vista X 2 days/week X 50 weeks = 14,200 miles per year X 3 years = 42,600 miles in 3 years

Thus, of the 57,300 miles which the Copes' have put on the vehicle, the figures above total 60,600--more than the 57,300 miles testified to as having been put on the vehicle since its acquisition.

Obviously, these are not precise figures, but they do illustrate that Mr. Cope's testimony is credible, that the vehicle is used principally and primarily in the course of his occupation.

JPMorgan Case Bank's counsel argued that the daily trips between home and office should not be counted. However, for purposes of determining the intent behind the statute's words, the court notes that such miles are logically part of the equation. But, even if removed, the rest of the miles reflect a business-related usage for the large majority of the total mileage.

### **RULING**

Based on the facts, as found by the court, the legal conclusion is that this vehicle was not acquired for the Debtors' personal use, but instead for Mr. Cope's use in his business. Therefore, the "cramdown" rules for modification of both the secured portion of the debt, as well as the approximate interest rate, will apply to this vehicle.

The Debtors should now move forward toward confirmation of their Chapter 13 plan. If there are still lingering issues, the parties should either file appropriate motions, or address those matters in the context of a contested confirmation hearing.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Dianne C. Kerns, Chapter 13 Trustee

Ron Ryan, Attorney for Debtors

Patricia Doyle-Kossick, Attorney for JPMorgan Chase Bank

Office of the U.S. Trustee